RAYMOND H. KUGLER, PLAINTIFF, v. GEORGE W. ARBUCKLE, DEFENDANT.

Argued November 9, 1923—Decided March 31, 1924.

Seduction—Alienation of Wife's Affections and Carnally Knowing Her—Verdict Held Not Contrary to Weight of Evidence—Charge of Plaintiff's Own Infidelity Not Proved, But if it Had Been it Would Not Have Been Bar to Action, Affecting Only the Award—Award Held Not Excessive.

On rule to show cause.

Before Justices KALISCH and KATZENBACH.

For the rule, *Louis H. Miller.*

*Contra, Charles P. Brewer* and *John W. Wescott.*

PER CURIAM.

The plaintiff recovered a verdict against the defendant, in the Cumberland County Circuit, for the sum of $20,000, in an action brought by the.former against the latter for seducing and carnally knowing the plaintiff's wife and alienating her affections from him. The complaint contained two counts and the jury rendered a general verdict.

The first reason presented and argued by counsel of defendant for setting aside the verdict and granting a new trial is that the verdict was contrary to the weight of the evidence.

There is no merit in this contention. The plaintiff, a carpenter, married his present wife on April 29th, 1921. He had known her since her girlhood, having been schoolmates. At the time of their marriage each was about twenty years of age. The testimony tended to establish that the defendant, through the medium of the plaintiff's wife's sister, became acquainted with the defendant, who it appears, according to the testimony, exerted persuasion and influence upon the

plaintiff's wife sufficient to persuade the latter to induce her husband to live with her in the defendant's house, designated in the testimony as the Arbuckle place, consisting of a dwelling-house and about ten acres of land. The arrangement appears to have been that the plaintiff was to take care of the live stock on the farm and to furnish food for the table and his wife was to take care of the inside of the house, for which consideration the plaintiff and his wife were to enjoy the possession of the place free of rent. The defendant was to live in the house and to pay to Mrs. Kugler $5 a week for taking care of his personal laundry. The testimony tended further to establish that an intimacy sprang up between Mrs. Kugler and the defendant which was at first carried on in a clandestine manner. The defendant had frequent occasions to go to Philadelphia and brought home expensive boxes of candy and presented them to Mrs. Kugler. There was testimony to the effect that the defendant and plaintiff's wife would often sit up together late at night talking to each other on various matters, and she would decline to retire at her husband's request. As a result of these intimacies the plaintiff's wife's attitude toward him changed. This was undisputed. The husband implored his wife to leave the Arbuckle place and join him in going back to housekeeping. This she refused to do. The plaintiff thereupon left and his wife remained ostensibly in the employment of the defendant. . The plaintiff subsequently brought a suit for divorce against his wife on the ground of adultery with the defendant. She filed an answer, and then made overtures to her husband for reconciliation. These overtures proving successful she returned to her husband. The suit for divorce was discontinued. After living with her husband for two weeks she left him, and filed a petition for divorce against him, charging infidelity to his marriage vow with three different co-respondents.

There was testimony that the defendant lived separate and apart from his wife; that for more than two years the plaintiff's wife lived in the same house with the defendant, she and

defendant both claiming that she was employed by the latter to look after his correspondence. It was admitted by the defendant and the plaintiff's wife that they were the occupants of the house at night during that long period of time, but that there was on every occasion some third person or persons there who remained all night. There was also testimony to the effect that on one occasion the defendant was seen with his arm around the plaintiff's wife's waist while her hand rested upon the defendant's shoulder. There was also testimony to the effect that after the plaintiff's wife left him she went to Philadelphia; that her mother and members of her family tried to find the plaintiff's wife, but all their efforts in that direction were in vain, and that her whereabouts was only disclosed when the defendant took one of her brothers to Philadelphia to see her. There was other testimony in the case from which a jury was warranted in finding that there was more than the relation of master and servant or a bond of platonic friendship existing between the plaintiff's wife and the defendant.

We think the verdict of the jury was in accordance with the weight of the evidence.

The next reason urged for a new trial, and which we have carefully considered, is that the jury should have found a verdict for the defendant, since it appeared from the evidence that the plaintiff had been guilty of infidelity. The testimony utterly failed to establish this charge. But even if the charge had been proven, it would not constitute a bar to the plaintiff's action, though it might have had a bearing on the amount of damages to be awarded.

The third reason relied on for a new trial is that the damages awarded by the jury are excessive, the result of passion and prejudice.

The verdict, though large, is not excessive.

The defendant not only enticed the plaintiff's young wife away from her husband, but debauched her. According to the testimony, the defendant went deliberately and systematically to work to accomplish the ruin of the plaintiff's

happy home. He succeeded in his wicked design. The plaintiff was not only entitled to compensation for his wounded feelings, loss of his wife's society and happy home, but also to punitive damages, the amount thereof resting largely within the sound discretion and good sense of the jury, of course, guided by the facts and circumstances established by the evidence in the cause, and we cannot say that the jury in awarding $20,000 abused that discretion either through passion or prejudice.

The next reason urged for a new trial relate to the admission and rejection of testimony by the court, which action of the court defendant's counsel contends was harmful to the defendant. The first point made by defendant's counsel under this general head is that the court allowed the husband and wife to testify, whereas under the count for criminal conversation in the complaint neither was competent to testify except as to the fact of marriage. But no objection was made to its admission on that ground. There was also a count for alienation of the wife's affections in the complaint in which issue both husband and wife were competent to testify to other facts than that of the fact of marriage. If defendant's counsel desired to avail himself of a proper application of the testimony given in the cause he should have requested the court to limit the application of such testimony solely to the court for alienation. This was not done, and therefore the defendant has no legal basis for complaint.

It is next argued that the court committed prejudicial error in permitting the plaintiff to testify to information he received from a girl as to whether or not his wife had been with her in Philadelphia. Defendant's counsel moved to strike out the testimony, to which the court replied that the testimony would stand subject to a motion if it is not connected up. No subsequent motion was made by the defendant's counsel to strike out the testimony, and presumably he acquiesced that the testimony was connected up by other testimony in the cause.

A further reason urged for a new trial is that the trial judge erroneously permitted in evidence a conversation had between the plaintiff and his wife not in the presence of the defendant. The record discloses that the conversation objected to related to the plaintiff's wife's acts. Whether the testimony was admissible or not, it is clear from a plain reading of it that it was harmless in its tendency.

The objection made against the admissibility of testimony given by certain witness relating to conversations had with the defendant in their presence and as to what he said is without merit, for the testimony was competent as admissions made by him. For these conversations tended to show that the plaintiff's wife was living in the defendant's house and what his relations were with her.

Lastly, it is insisted that the court erred in charging the jury that any infidelity on the part of the plaintiff was no defense to the action, but that it was a very important element on the question of damages, in diminution of damages. We think the court charged the legal rule accurately.

Rule to show cause is discharged, with costs.